■ In the Matter of 8501 FLATLANDS AVENUE REALTY CORP., Appellant, v 21ST CENTURY AUTO REPAIR, INC., Respondent. [604 NYS2d 202] —In a summary proceeding to recover possession of certain commercial premises and rent due, the landlord appeals, by permission, from an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated June 21, 1991, which (1) reversed a judgment of the Civil Court of the City of New York, Kings County (Fleary, J.), entered January 19, 1990, and (2) directed that judgment be entered in favor of the tenant dismissing the petition.

Ordered that the order of the Appellate Term is reversed, on the law, without costs or disbursements, so much of the judgment entered January 19, 1990, as awarded the tenant an abatement in rent is vacated, and the matter is remitted to the Civil Court of the City of New York, Kings County, for entry of an amended judgment in accordance herewith.

The appellant landlord leased its gasoline service station to the respondent tenant in 1984. Under the terms of the lease, the tenant was responsible for making all structural repairs and maintaining the equipment, including eight underground gasoline tanks, in thorough repair and good order. Immediately after the tenant began operation of the service station, one of its employees noticed that there were up to 400 gallons of gasoline missing each week. The tenant failed to take any action to determine where the missing gasoline was going. In 1987, upon receiving complaints from neighbors about gaso-

line odors, the New York Department of Environmental Conservation (hereinafter the DEC) performed tests which revealed that there was a gross leak of gasoline in the underground gas tanks. The tenant was prohibited from selling gas from the leaking tanks by the DEC. The tenant stopped paying rent to the landlord on January 1, 1989, and the landlord filed a petition in the Civil Court against the tenant for eviction, rent owed, and possession of the premises.

After a hearing at which expert testimony was adduced which established that the tanks were probably too old to be repaired and needed to be replaced, the Civil Court entered judgment awarding the landlord the requested rental payments with a 25% abatement to the tenant because of the leak in the tanks. The tenant appealed from this judgment to the Appellate Term of the Supreme Court, and the tenant was removed from the premises in March 1990 after failing to post bond pending the appeal to the Appellate Term. The Appellate Term reversed the Civil Court's judgment on the ground that the landlord had the obligation to replace the tanks under the lease. This appeal ensued.

Considering the lease in its entirety, it is clear that the parties intended that the landlord would not have any obligation to make repairs to the premises or to maintain the premises under any circumstances. Because the landlord was not responsible for repairing or replacing the leaking gasoline tanks, the tenant is liable for the rental payments due from January 1, 1989, until the time it was removed from the premises. Furthermore, the tenant is not entitled to a rent abatement because it was the tenant's responsibility to repair the leak in the tank. Balletta, J. P., Rosenblatt, Santucci and Joy, JJ., concur.